JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco / Oakland Division

| | |
|---|---|
| LILIANA MARTINEZ,<br><br>                Plaintiff,<br><br>-against-<br><br>STELLAR RECOVERY, INC.,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq*. |

Plaintiff Liliana Martinez ("Plaintiff") by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, as and for its Complaint against Defendant Stellar Recovery, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court

1. also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA"), and Cal. Civ. Code § 1788 *et seq.*, commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").

## PARTIES

4. Plaintiff is a resident of the State of California, residing in the County of San Francisco, at 334 Capp Street B, San Francisco, CA 94110.

5. Defendant is "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 4500 Salisbury Road, Ste. 105, Jacksonville, FL 32216.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The debt had an original creditor of Comcast, was incurred for personal purposes and is a consumer debt.

9. On or around June 6, 2016, Defendant sent Plaintiff a collection letter.

10. The collection letter stated "If you choose to pay this amount due credit/debit card or by check over the telephone, you may be charged a $9.50 convenience fee."

11. Plaintiff did not agree to such a collection charge.

12. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law (Cal. Civ. Code § 1748.1(a)), was an attempt to collect an amount not owed by Plaintiff.

13. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(d), 1692e, 1692e(2), 1692e(5), 1692e(10),1692f and 1692f(1).

16. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
**(Violations of the RFDCPA)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18.     The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA.  Cal. Civ. Code § 1788.17.

19.     The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiff is entitled to damages under both acts.

20.     Upon information and belief, Defendant willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and Plaintiff is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

   a)     For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

   b)     For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

   c)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

   d)     A declaration that the Defendant's practices violated the FDCPA and the RFDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: February 21, 2017

          THE LAW OFFICES OF
          JONATHAN A. STIEGLITZ

By:    /s/ Jonathan A Stieglitz
      Jonathan A Stieglitz